On the trial it appeared that the defendant Perkins, with one Davis and one Warden, who were charged in the same indictment, had gone to the house of Sally Fowler, arrested and taken her to the house of one Harris, a justice of the peace; when they arrived at the house of Harris, Sally Fowler made some statements respecting the conduct of the defendant Perkins towards her at the time of the arrest. A question was made whether these declarations of hers were made in the hearing of Perkins, and were admissible against him. The witness called on to state these declarations testified that Perkins and Warden came in with Sally Fowler, and were in the same room with her; that *Page 208 
Perkins was quite drunk, but not so much intoxicated as to be unable to hear or to understand; that Sally Fowler, in a voice loud enough to to be heard by every person in the room, related the violence used towards her by Perkins, after having called on the other defendant, Warden, to attend to her statement and contradict her if she told an untruth; and, after she had concluded, she asked Warden if her statement was correct, and he answered that it was.
The admission of this evidence was opposed by the defendant; but it was received by the court as a declaration made by Sally Fowler in the presence of Perkins.
The jury returned a verdict of guilty; new trial refused; (378) judgment and appeal.
The Court is opinion that it was properly left to the jury to consider whether, from the circumstances of the case as disclosed in the evidence, the relation of Sally Fowler as to the violence done at her own house was made in the presence of the defendant Perkins, or not; that as there was evidence of his being corporally present, placing that circumstance as a fact beyond dispute, and some evidence of his being mentally present, inasmuch as that, although inebriated, he was not disqualified to hear or understand, it was fit for the jury to decide whether the rational man was so far present as to assent by silence to the narration by Sally Fowler. In the admission of the said evidence there was no error, and the judgment must be
PER CURIAM. Affirmed.
Cited: S. v. Bowman, 80 N.C. 437; Chemical Co. v. Kirven, 130 N.C. 163;S. v. Potter, 134 N.C. 733.